UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KNOX COUNTY ASSOCIATION ) <br> FOR RETARDED CITIZENS, INC., ) <br> ) <br> Plaintiff, ) <br> ) Cause No. 2:11-cv-313-WTL-WGH <br> vs. ) <br> ) <br> NISH, ) <br> ) <br> Defendant. ) | |

### ENTRY ON MOTION TO TRANSFER VENUE

Before the Court is the Defendant's motion to transfer this case to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404. The motion is fully briefed, and the Court, being duly advised, now rules as follows.[1]

### I.  STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The general rule is that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citing *Gulf Oil Corp. v. Gilbert*, 440 U.S. 501, 508 (1947)). Therefore, the movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed of the sound discretion of the trial judge." *Id.*

---

[1] The Plaintiff's motion for oral argument (docket no. 42) is **DENIED**.

## II.     BACKGROUND

Plaintiff Knox County Association for Retarded Citizens ("KCARC") is an Indiana not-for-profit corporation with its principal place of business in Vincennes, Indiana. KCARC is committed to improving the lives of individuals with disabilities and their families. In furtherance of its mission, KCARC participates in the AbilityOne Program, which provides employment opportunities for people who have significant disabilities by procuring federal contracts for goods and services.

Defendant NISH is a District of Columbia not-for-profit corporation with its principal place of business in Vienna, Virginia. Its mission is to create employment opportunities for people with significant disabilities by procuring federal contracts for goods and services that are fulfilled by these persons. NISH has been designated as a central agency by the AbilityOne Commission to provide support to nonprofit agencies participating in the AbilityOne Program.

In April 2006, NISH entered into a Memorandum of Understanding ("MOU") with KCARC relating to the manufacture of certain cold weather shirts for the United States Army. This MOU designated the amount of work KCARC would be allocated (the "allocation"). In August 2008, an Addendum to the MOU was signed by NISH, KCARC, and Peckam, Inc. ("Peckam"), another not-for-profit agency serving people with disabilities. The MOU and Addendum provided the allocations for KCARC and Peckam; that is, respectively 75% and 25% of the total annual quantity procured by the federal government. In mid-June 2009, DLA Troop Support ("DLA"), a division of the United States Army, contracted with KCARC for the production of the cold weather shirts. KCARC now complains as to the number of shirts it was allocated to produce.

The dispute between the parties centers on whether and what contractual or equitable responsibility NISH had regarding the number of shirts allocated to KCARC pursuant to the DLA contract, whether NISH exercised its authority to meet its contractual or equitable obligations in an effective and timely manner, and what damage, if any, resulted to KCARC.

KCARC filed the instant action in Knox County Court, and NISH removed the case to this Court ("Southern Indiana"). NISH now moves to transfer venue to the Eastern District of Virginia ("Eastern Virginia").

### III.   DISCUSSION

The parties do not dispute that this case could have been brought in Eastern Virginia. The issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be best served.

The first factor the Court considers is the convenience of the parties. NISH argues that support for a transfer of venue can be found in the situs of material events. In a breach of contract case, "the situs is where the business decisions causing the breach occurred." *Omnisource Corp. v. Sims Bros., Inc.*, 2008 WL 2756345 at *4 (N.D. Ind. 2008). According to NISH, the situs is Virginia because at "the heart of dispute . . . is [sic] NISH's alleged business decisions and recommendations regarding the allocation procedure," which decisions were made in Virginia. At first glance, this factor thus appears to weigh in favor of NISH. However, insofar as NISH contests the very existence of the contract, it seems to the Court that the situs of material events is a rather fluid concept: the parties agree that the alleged contracts were negotiated by email and telephone and were executed by fax. As a result, the parties' competing theories of the case render this factor a nullity.

NISH argues that proceeding in Eastern Virginia will also result in the greatest convenience to the parties because NISH will be closer to its records and the records and other documents in possession of the AbilityOne Commission. However, at the same time, KCARC will be farther from its records. Furthermore, the parties dispute this factor inasmuch as some nonparty documents may be within Eastern Virginia's subpoena power, while no documents appear to be within Southern Indiana's subpoena power. However, given that the Federal Rules make provision for subpoenaing documents outside the presiding district, Fed. R. Civ. Pro. 45(a)(2)(C), this consideration weighs only ever so slightly in favor of NISH. Furthermore, given the shifting inconveniences between the parties pointed out by KCARC, the Court finds this factor to be a wash.

The second factor, convenience of the witnesses, is primarily concerned with the availability of non-party witnesses. Little weight is given to the convenience of employee-witnesses, as these witnesses are usually within the control of the parties and they are thus more likely to appear in either forum. *Omnisource*, 2008 WL 2756345 at *6. NISH argues that witnesses from the AbilityOne Commission and DLA, all of which are located closer to Eastern Virginia than Southern Indiana, will be inconvenienced by travel to Indiana. In response, KCARC points out that witnesses from nonparty Peckham, Inc., which is located in Michigan, will be inconvenienced by travel to Virginia. Reading between the lines, it appears that at least the witnesses from AbilityOne would be subject to subpoena in Eastern Virginia, while none of the witnesses from DLA, AbilityOne, or Peckham would be subject to subpoena in Southern Indiana. In this respect, this factor weighs in favor of NISH.

The final factor the Court considers is the interest of justice. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court

system. For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial." *Coffey*, 796 F.2d at 220-21. "In a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Id.*

Here, NISH argues that it could more expeditiously proceed to trial if venue were in Eastern Virginia because it would have more ready access to its records. Yet this argument is simply a repackaging of its convenience of the parties argument and does not address the functioning of the courts themselves. *See Omnisource*, 2008 WL 2756345 at *4 (noting that the analysis "focuses on the efficient administration of the court system, rather than the private considerations of the litigants."). Furthermore, this argument ignores that KCARC would be inhibited in its access to its records, which difficulty would set off any efficiency gained by NISH. For this reason, NISH's argument as to this factor is not persuasive.

In addition, NISH argues that Virginia law governs the matters at issue and Eastern Virginia's familiarity with the applicable law therefore weighs in favor of transfer. As an initial matter, the Court notes that KCARC disputes whether Virginia law applies. However, even if Virginia law were to apply, this fact alone does not support transfer. Absent any suggestion that Virginia contract law is so difficult, unclear, or complex as to demand existing familiarity with it, there is no reason to believe that a federal judge sitting in Indiana could not properly apply the law. Accordingly, this factor does not weigh in favor of transfer.[2]

Weighing all factors together, the Court finds the convenience and efficiency to be gained by transfer to Eastern Virginia marginal at best. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d at

---

[2] Furthermore, to the extent that the governing law is contested, Eastern Virginia would have to apply Indiana choice-of-law rules. *See Coffey*, 796 F.2d at 222. Thus, an argument could be made that Southern Indiana is the more appropriate venue as it is arguably more familiar with Indiana choice-of-law rules.

664 (finding no error when district judge declined to transfer venue even though proposed transferee venue would have subpoena power over defendant's witnesses while transferor venue did not). What little convenience may be gained by NISH will be offset by inconvenience wrought on KCARC. As the balance does not tip strongly in NISH's favor, the Court declines to disturb KCARC's choice of forum. Nish's motion is **DENIED.**

## IV.     CONCLUSION

For the foregoing reasons, the Defendant's motion to transfer venue is **DENIED**.

SO ORDERED:     09/26/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.